IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Omar Leon Rodriguez, <br><br> Plaintiff(s), <br> v. <br><br> Maybach International Group, Inc. and <br><br> Bojan Delibasic and <br><br> Lissette Transportation Services, Inc.and <br><br> Lissette C. Valdes, <br><br> Defendants. | Case No._____ <br><br> PLAINTIFF DEMANDS <br> TRIAL BY JURY |

## COMPLAINT

Plaintiff, Omar Leon Rodriguez ("Plaintiff"), by and through their attorneys, Daniel I. Schlade and James M. Dore, complain against Maybach International Group, Inc. ("Defendant" or "Maybach International") and Bojan Delibasic ("Defendant" or "Bojan") and Lissette Transportation Services, Inc. ("Defendant" or "Lissette") and Lissette C. Valdes, ("Defendant" or "Valdes") and may collectively be referred to as "Defendants". In support of this Complaint, Plaintiff states:

### Introduction

1. This action seeks redress for Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"), as well as any related state law claims, for Defendants' failure to pay overtime wages owed.

### Parties

2. Plaintiff is a resident of Orland, Florida; and he was employed by Defendants.

3. Maybach is a business that is located and conducts business in Alsip, Illinois.

4. Lissette is a business that is located and conducts business in Miami, Florida.

5. Bojan is an individual that is located and conducts business in Alsip, Illinois.

6. Valdes is an individual that is located and conducts business in Miami, Florida.

7. Bojan is the president and owner of Maybach and is in charge of his employees. On information and belief, Bojan is a resident of Alsip, Illinois.

8. Valdes is the president and owner of Lissette and is in charge of her employees. On information and belief, Valdes is a resident of Miami, Florida.

9. Maybach is "an enterprise engaged in commerce or in the production of goods for commerce" under 29 USC § 203(s)(1)(A)(i) and (ii) because they have annual gross volume of sales made or business done of at least $500,000; and because they are engaged in interstate commerce or in the production of goods for interstate commerce. Additionally, they have more than three employees.

10. Lissette is "an enterprise engaged in commerce or in the production of goods for commerce" under 29 USC § 203(s)(1)(A)(i) and (ii) because they have annual gross volume of sales made or business done of at least $500,000; and because they are engaged in interstate commerce or in the production of goods for interstate commerce. Additionally, they have more than three employees.

**Jurisdiction And Venue**

11. The Court possesses subject matter jurisdiction over the FLSA claim(s) pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331 (federal question), and 28 U.S.C. §1337; and supplemental jurisdiction over any related state law claim(s) pursuant to 28 U.S.C. § 1367.

12. Venue is proper in the Northern District of Illinois because all underlying facts and transactions occurred in or about Cook County, Illinois.

**Facts Common To All Claims**

13. Mayback is an "employer" as that term is defined in Section 203 of the FLSA, because it is a privately owned for-profit entity.

14. Lissette is an "employer" as that term is defined in Section 203 of the FLSA, because it is a privately owned for-profit entity.

15. Bojan is an "employer" as that term is defined in Section 203 of the FLSA, because: (1) they were Plaintiff's head "boss" at Maybach; (2) they had the power to hire and fire the employees, including Plaintiff; (3) they supervised and controlled Plaintiff's work schedules and conditions of employment; (4) they determined the rate and method of payment for employees; and (5) they maintained employment records.

16. Valdes is an "employer" as that term is defined in Section 203 of the FLSA, because: (1) they were Plaintiff's head "boss" at Lissette; (2) they had the power to hire and fire the employees, including Plaintiff; (3) they supervised and controlled Plaintiff's work schedules and conditions of employment; (4) they determined the rate and method of payment for employees; and (5) they maintained employment records.

**COUNT I: VIOLATION OF THE FLSA**

17. Plaintiff reincorporates by reference Paragraphs 1 through 16, as if set forth in full herein for Paragraph 17.

18. Plaintiff began working for Defendants in or before January 1, 2022, through June 1, 2022.

19. At all times, Plaintiff held the same position with Defendants, he was a truck drive. Plaintiff was an "employee" of Defendants as that term is used in Section 203 of the FLSA because he was employed by Defendants to drive an eighteen (18) wheel truck for the purpose of

picking up and delivering goods, and they do not fall into any of the exceptions or exemptions for workers under the FLSA.

20. Although schedules are subject to change, Plaintiff's general schedule with Defendants required Plaintiff to work on average 70 hours per week.

21. Plaintiff was paid their wages on a(n) weekly basis.

22. Plaintiff's wages were not based on the number of jobs performed or completed, nor was it based on the quality or efficiency of their performance.

23. Plaintiff's rate of pay was $2,000.00 per week.

24. Throughout the course of Plaintiff's employment with Defendants, Defendants regularly scheduled and directed Plaintiff to work in excess of forty (40) hours per week.

25. Defendants did not pay Plaintiff not less than one and a half (1.5) times the regular rate at which he was employed during the hours worked in excess of forty (40) hours per week.

26. On information and belief, Defendants have failed to keep proper time records tracking Plaintiffs' time worked; and Defendants' failure and refusal to pay Plaintiff overtime wages for hours worked in excess of forty (40) hours per week was a willful violation of the FLSA.

27. Plaintiff is entitled to recover unpaid overtime wages and liquidated damages for up to three (3) years prior to the filing of this lawsuit. On information and belief, this amount includes: (i) $18,524.70; in unpaid overtime wages; (ii) liquidated damages of $18,524.70; and (iii) Plaintiff's attorney's fees and costs, to be determined. A calculation of Plaintiff's damages are attached as Exhibit A.

**WHEREFORE**, Plaintiff Omar Leon Rodriguez respectfully requests that the Court enter a judgment in their favor and against Defendants Maybach International Group, Inc. and Bojan Delibasic and Lissette Transportation Services, Inc. and Lissette C. Valdes, for:

A. The amount of unpaid overtime wages for all time worked by Plaintiff in excess of

      forty (40) hours in individual work weeks, totaling at least $18,524.70;

B.      An award liquidated damages in an amount equal to at least $18,524.70;

C.      A declaration that Defendants violated the FLSA;

D.      An award reasonable attorneys' fees and costs; and

E.      Any such additional or alternative relief as this Court deems just and proper.

## COUNT II: VIOLATION OF IMWL

28.      Plaintiff incorporates by reference Paragraphs 1-27, as if set forth in full herein for this Paragraph 28.

29.      This count arises from Defendants' violation of the IMWL, by: failing to pay Plaintiff Illinois mandated overtime wages for all hours worked in excess of 40 hours in each individual work week in violation of 820 ILCS 105/4a(1).

30.      Defendant's failure to pay Plaintiff the Illinois-mandated overtime wage rate for all hours worked in excess of forty (40) hours in an individual work week is a violation of the IMWL.

31.      Pursuant to 820 ILCS 105/12(a), Plaintiff is entitled to recover unpaid overtime wages for three (3) years prior to the filing of this suit, treble the amount of such underpayments, 5% for each month the underpayments remain unpaid, plus attorney's fees and costs.

32.      The amount of unpaid overtime wages owed to Plaintiff is $10,714.50.

**WHEREFORE**, Plaintiff Omar Leon Rodriguez respectfully requests that the Court enter a judgment in their favor and against Defendants Maybach International Group, Inc. and Bojan Delibasic and Lissette Transportation Services, Inc. and Lissette C. Valdes, for:

F.      The amount of wages worked by Plaintiff for which he was not paid overtime wages, totaling at least $10,714.50;

G.      Award Statutory damages for Plaintiff, including treble damages and 5% monthly interest, pursuant to the formula set forth in 820 ILCS § 105/12(a) and/or 815 ILCS § 205/2;

H.      Declare that Defendants have violated the IMWL;

I.      Award reasonable attorneys' fees and costs as provided by the IMWL; and/or

J.      Grant such additional or alternative relief as this honorable court deems just and proper.

Omar Leon Rodriguez

<u>s/Daniel I. Schlade</u>
Attorney for Plaintiff

Daniel I. Schlade  (ARDC No. 6273008)
James M. Dore (ARDC No. 6296265)
Attorney For Plaintiff
Justicia Laboral, LLC
6232 N. Pulaski, #300
Chicago, IL 60646
Phone: 773-942-9415 x 103
Email: dschlade@justicialaboral. com
danschlade@gmail.com

**<u>PLAINTIFF DEMANDS TRIAL BY JURY</u>**